No. _____

82,256-02

Ex parte
Johnathan Ruffin,
TDCJ No. 1914680

§
§
§
§

IN THE COURT OF
CRIMINAL APPEALS OF
TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

Applicant's Original "Objection to Unfair state habeas
action"; pursuant to V.A.C.C.P., art. 11.07, U.S.C.A. Const.
Amend. 1, 14; Denial of Access to Courts and Equal Protection

TO THE HONORABLE JUSTICES OF COURT OF CRIMINAL APPEALS OF TEXAS:

Comes Now, Johnathan Ruffin, #1914680; whom is NOT AN
ATTORNEY; yet, wishes this COURT to View this MOTION liberally,
construed in petitioner pro se's favor — See, Haines v. Kerner,
404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 —

## habeas COURT action

This Applicant, Johnathan Ruffin, #1914680; comes to
the 248th Judicial District Court of Harris co., Texas with
this Instant habeas action, cause no. 1378326-A — filed
6 March 2015, with the Harris co. District Clerk-Chris
Daniel/1201 Franklin — P.O. Box 4651/Houston, Texas 77210-4651 —

The 'STATE'S ORIGINAL ANSWER'; of 17 MARCH 2015 has misconstrued claims of Applicant's; without chance to correct — Within these papers/documents; the STATE includes controverted issues and facts, which is claimed to be documented 'evidence' for the STATE — There are controverted facts, that are unresolved factual basis for the 'legality of the applicant's confinement'; which is reason for a 'full and fair evidentiary hearing' need —

## APPLICANTS OBJECTION

Applicant's 'Objection to STATE'S PROPOSED FINDINGS OF FACT...'; Executed on 24 March 2015, deposited in prison mail box; with first-class postage pre-paid on same day; has not even had a judgement rendered upon it, before the COURTS ORDER to forward to: COURT OF CRIMINAL APPEALS OF TEXAS — THUS, causing unfair/prejudicial treatment toward this Applicant — STATE OF TEXAS' habeas corpus proceedings, V.A.C.C.P., art. 11.07, demand a fair, unbiased, or prejudicial proceedings; when examining the lawfullness and the legality of the applicant's confinement — This applicant

is trying to get his one 'bite of the apple' fairly; without a 'sour or rotten apple' — No ruling has been rendered on 'Applicant's Original Objection... and ORDER'; unless one would count the automatic forwarding of habeas proceedings, as an Answer — Within this Applicant's Objection; he requests the following:

1) evidentiary hearing  2) Discovery process 3) Production and Inspection of various reports and notes w/ court minutes.

4) Trial Court Transcript, and other court records — memo's 5) Documentary evidence and Verification of Authenticity, etc.

Nothing has been properly observed in this habeas action; ONLY, that being how this applicant has shown (by the STATES OWN EVIDENCE) the illegality of his confinement; when the 248th J.D.C. has caused, on 25 March 2015, his habeas action to be forwarded to the COURT of CRIMINAL APPEALS of TEXAS, without applicants 'Objection to STATES FINDINGS' being ruled upon — Applicant describes the "CONTROVERTED FACTS", that justice demands a 'full and fair' evidentiary hearing and Discovery process; within this OBJECTION, that remains without judgement rendered or Opinion thereto.

## TRIAL COURT FINDINGS

Pursuant to V.A.C.C.P., Article 11.07; All habeas corpus issues must be resolved in the Trial Court, before findings of Fact can be resolved with recommendations being forwarded in the record to the: COURT OF CRIMINAL APPEALS OF TEXAS. In the Applicant's instant, no. 1378326-A (248th District Court of Harris co., Texas), habeas action; there are many previously unresolved facts material to the legality of Applicant's confinement. In which, these controverted issues need to be resolved in the Trial Court via affidavits, depositions, interrogatories, and an evidentiary hearing; for a full and fair right to petition the courts. U.S.C.A. CONST. AMENDS. 1, 14.

## STATES ORIGINAL ANSWER

The State would have everyone believe; by its mere Conclusion, without factual evidence-of any Kind; that Counsel was effective for the Applicant/Defendant. However; in the STATE'S ORIGINAL ANSWER, where the STATE provided EXHIBITS, for the COURT. THESE EXHIBITS SHOW

Illegal procedures: STATES EXHIBIT A [STATES ORIGINAL ANSWER] - 'WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION' No. 02455303 ~ THIS WAIVER IS ILLEGAL; for, *Absolute rights cannot be waived, even with consent; implementation of those rights is not optional and cannot be waived or forfeited. Kieschnick v. State, 911 SW2d 156 ~ Therefore; this fraud-ulently signed waiver, is VOID on its face ~ Whereas; the ONLY evidence in the trial court records, is this [Exhibit A, 'STATES ANSWER'] 'judicial confession' ~ Please see, haflore v. State, 595 SW2d 862, at 864 [1] "If this 'judicial confession' was the only evidence in the record, we would have to conclude that the evidence was in--sufficient to sustain a conviction.___ Exhibit A; of the 'STATES ORIGINAL ANSWER', is a fraudulently created governmental document ~ As; 'STATE'S EXHIBIT D' will show~ Entry No. 11, on this [Harris County Criminal District Docket Sheet] 'STATE'S EXHIBIT D', clearly shows that "defendant Ruffin, Johnathan appeared without counsel~" This is a forged governmental record; created to harm this defendant, by claiming the defendant was the one

who executed this document, "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION" — This is a criminal act: "Texas Penal Code § 37.10 - Tampering with Governmental Record" (d)(3) — This Fraudulent Government Document demonstrates the Collusion used to deny the defendant his *Absolute right [United STATES CONSTITUTION, Article III - "The Trial of all Crimes, --- shall be by Jury; ---] to trial by Jury; and, Counsel's failure to secure and protect that "Absolute right", is to be Ineffective — See, Kegler v. State, 16 SW3d 908, at 911 [3,4] To prove a plea was involuntary because of ineffective assistance of counsel, --- by causing him to give up his right to a trial — This demonstrates Counsel's Ineffectiveness as defendant's Constitutionally protected right to counsel — Strickland, 466 U.S. at 688-92, 104 S.Ct. 2052 — This Conviction cannot legally be enforced; and, MUST be overturned —

## CONCLUSION

Due to these instances of: no evidence to sustain a conviction, Collusion to cause Harm to defendant; by

illegally confining the defendant using fraudulently created governmental records; and, Ineffective assistance of counsel [ See, Ex parte Meadows, 418 SW2d 666 — Denial of accused's right to counsel or effective aid of counsel renders conviction void----] MUST be provided to the defendant, by law and protected by the Texas Constitution, U.S. Constitutional Amends. 6, 14 — See, Lee v. U.S, 322 F. 2d 770 — A defendant has an absolute right to counsel, ----, and such right to counsel is so fundamental to due process that it is obligatory upon the states by the Fourteenth Amendment — AND; This is the Reason why the 248th District Court of Harris county, Texas denied this Applicant a fair and unbiased [ V.A.C.C.P., Article 11.07 ] Texas STATE habeas corpus proceeding, in forwarding everything to the COURT OF CRIMINAL APPEALS OF TEXAS; without the full and fair processes [ EVIDENTIARY HEARING WITH ITS DISCOVERY ] due a habeas proceeding— Applicant Knew the TRIAL COURT would not want all the illegal actions;

with the reversal of conviction and sentence; exposed in the 248th District Court of Harris county, Texas. So; the Applicant went forward, before his time ran out, and Filed his federal (28 U.S.C. § 2254) habeas corpus in the U.S. District Court for the Southern District of Texas, at Houston, Texas. Cause No. 4:15-CV-00531. True to its form; the 248th District Court tries to circumvent the full and fair habeas process of the STATE of TEXAS.

## PRAYER

Applicant, Johnathan Ruffin, TDCJ No. 1914680, PRAYS this COURT take NOTICE of this Judicial error; and, GRANT this Applicant his full and fair STATE habeas corpus pro--ceeding with remand back to trial court with INSTRUCTIONS.

these INSTRUCTIONS SHALL INCLUDE, but not limited to: Full and Fair Evidentiary Hearing with Appointment of Counsel; Discovery process with no limitations upon the Applicant's requests; ORDERING the 248th District COURT, upon completion of hearings, depositions, affidavits,

and Interrogatories, that CONVICTION SHALL BE MADE NULL AND VOID; releasing Applicant thereafter. As this Applicant has demonstrated controverted facts that are listed herein this MOTION; with caselaw provided demonstrating his CONVICTION AND SENTENCE IS VOID ON ITS FACE.

Applicant PRAYS this COURT will take NOTICE OF THIS FUNDAMENTAL MISCARRIAGE OF JUSTICE AND CAUSE ALL ORDERS, SUA SPONTE, FROM THIS COURT TO REMEDY THIS OPPORTUNITY FOR STATE OF TEXAS' 248th DISTRICT COURT'S ERRORS OF FEDERAL LAW AND CONSTITUTIONAL AMENDS.

Executed this 13th day of April 2015.

Respectfully Submitted,
Johnathan Ruffin
Johnathan Ruffin, #1914680
Petitioner pro se

### INMATE'S DECLARATION
### (28 USC § 1746)

I, Johnathan Ruffin, #1914680 do hereby DECLARE, under penalty of perjury, that everything in this MOTION IS TRUE AND CORRECT, to the best of my belief.

Sign Johnathan Ruffin
Johnathan Ruffin, #1914680
DECLARANT SAYETH SO

ORIG: COURT OF CRIMINAL APPEALS OF TEXAS
CC: 248th DISTRICT COURT of HARRIS Co., TEXAS/ via Harris Co. DISTRICT CLERK
BCC: file-federal notice

## CERTIFICATE OF SERVICE

I, Johnathan Ruffin, TDCJ No. 1914680 do hereby CERTIFY that a TRUE AND CORRECT copy of "Applicant's Original 'Objection to Unfair state habeas action'" has been, this day, sent to: 248th District Court of Harris county, Texas via Harris county District Clerk-Chris Daniel/P.O. Box 4651/ Houston, TEXAS 77210-4651; U.S. first-class pre-paid postage via prison mail box deposited—

Executed this 13th day of April 2015—

Signed Johnathan Ruff—
Johnathan Ruffin, #1914680
Petitioner pro se